UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LIBERTY MUTUAL FIRE INSURANCE COMPANY         CIVIL ACTION

v.                                             NO. 19-48

BERNHARD MCC, LLC, ET AL.                      SECTION "F"

ORDER AND REASONS

Before the Court are two motions: (1) Reliance Worldwide Corporation's Rule 12(b)(6) motion to dismiss the plaintiff's petition; and (2) the plaintiff's motion for leave to amend its complaint. For the reasons that follow, the defendant's motion to dismiss the plaintiff's petition is GRANTED, but the dismissal is without prejudice; and the plaintiff's motion for leave to amend its complaint is likewise GRANTED.

**Background**

This litigation stems from a water intrusion that damaged the ACE Hotel in New Orleans.

On August 13, 2017, several ACE Hotel rooms and their contents were allegedly damaged when a water pipe or fitting ruptured.[1]

---

[1] This factual summary is drawn from the original petition and the proposed amended complaint.

1

Liberty Mutual Fire Insurance Company issued a policy of property insurance in favor of the ACE Hotel at 600 Carondelet Street. The policy obliges Liberty Mutual to pay proceeds for any losses attributable to water damage. Claiming that the failure of certain pipe fittings caused the August 13 water intrusion, Liberty Mutual Fire Insurance Company sued, in state court, Reliance Worldwide Corporation (the pipe fitting manufacturer), Bernhard MCC, LLC (the pipe fitting installer and servicer), as well as Reliance Worldwide Corporation's insurer, ABC Insurance Company, Inc., and Bernhard MCC, LLC's insurer, The Travelers Indemnity Company. Liberty Mutual, which is subrogated to the rights of ACE, seeks to recover the $162,558 in property damage it paid plus court costs and expert fees.

Bernhard MCC, LLC answered the plaintiff's complaint and filed a crossclaim against Reliance Worldwide Corporation, alleging that RWC's plumbing fittings (called Sharkbite Push-fit Connection Systems) were unreasonably dangerous in construction or composition, unreasonably dangerous in design, unreasonably dangerous in the failure to conform to express warranties, and that RWC failed or insufficiently warned that the design would (and did) cause damage; all theories of relief arising under the Louisiana Products Liability Act.

2

RWC removed the lawsuit to this Court, invoking the Court's diversity jurisdiction. RWC now moves to dismiss the plaintiff's original petition for failure to state a claim and, in response, the plaintiff now moves to amend its complaint.

I.

*A.*

Rule 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. Proc. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept

conclusory allegations in the complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)). Indeed, the Court must first identify allegations that are conclusory and thus not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79. A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted). Simply stated, Twombly is a direct rejection of boilerplate.

*B.*

If a party fails to amend its pleading once as a matter of course within Rule (a)(1)'s deadline, "a party may amend its pleadingly only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In other words, "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014)(citation omitted). Although leave to amend is not automatic, the Court must have a "substantial reason" to deny a party's request to amend. Id. (citation omitted). In exercising discretion to grant or deny a request for leave to amend, the Court considers factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party..., and futility of the amendment." Id. (citation omitted).

II.

*A.*

The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. § 9:2800.52. The LPLA only allows recovery if a product is "unreasonably dangerous." A product can only be unreasonably dangerous in four exclusive ways: 1) in construction or composition; 2) in design; 3) because of an inadequate warning; or 4) because it does not conform to an express warranty. La. R.S. § 9:2800.54. The characteristic that makes the product unreasonably dangerous must exist at the time the product left control of the manufacturer. Id.

1. Defect in Construction or Composition

A claim for defect in construction or composition arises when a product is defective "due to a mistake in the manufacturing process." Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254, 263 (5th Cir. 2002). This is a narrow and demanding test. The plaintiff must prove that, at the time the product left the manufacturer's control, it deviated materially from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer. La. R.S. § 9:2800.55.

2. Defective Design

Under the LPLA, a product's design is unreasonably dangerous if the plaintiff demonstrates that, at the time the product left the manufacturer's control, "[t]here existed an alternative design for the product that was capable of preventing the claimant's damage and that the danger of the damage outweighed the burden on the manufacturer of adopting the alternative design." Watson v. Bayer Healthcare Pharmaceuticals, Inc., No. 13-212, 2013 WL 1558328, at *4 (E.D. La. April 11, 2013)(Feldman, J.)(quoting La. R.S. § 9:2800.56)(citations omitted). The LPLA "does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred." McCarthy v. Danek Medical, Inc., 65 F. Supp. 2d 410, 412 (E.D. La. 1999).

Of course, whether the plaintiff can demonstrate an alternative design that satisfies the LPLA is a question of fact to be assessed upon discovery. Requiring a plaintiff to plead "extremely detailed factual allegations to satisfy each element of a products liability action under the LPLA creates a situation where a manufacturer will not be held liable for defective products because it has sole possession of the necessary document to ultimately prove the claim." Flagg v. Stryker Corp., 647 Fed.Appx. 314, 317 (5th Cir. 2016).

### 3. Inadequate Warning

"To successfully maintain a failure-to-warn claim under the LPLA, a plaintiff must demonstrate that the product in question has a potentially damage-causing characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about this characteristic." Stahl, 283 F.3d at 265-66; see La. R.S. § 9:2800.57.

### 4. Breach of Express Warranty

To maintain a breach of express warranty claim under the LPLA, a plaintiff must show: "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue." Caboni v. General Motors Corp., 278 F.3d 448, 452 (5th Cir. 2002). An "express warranty" is a representation or statement about a product that affirms the product possesses specified characteristics or qualities. See La. R.S. § 9:2800.53(6). It does not include a general opinion or general praise. See id.

*B.*

1. RWC's motion to dismiss the original petition.

RWC contends that the Liberty Mutual's original petition fails to state a plausible claim for relief because it is devoid of any facts that allege a cause of action under the Louisiana Products Liability Act. The Court agrees. Indeed, the original petition contains almost no facts in support of any claim. Liberty Mutual alleges in its original petition only that it insured the ACE Hotel for water intrusion and that:

> [t]he acts or omissions of the defendants were the proximate cause of significant losses to the ACE Hotel insured by plaintiff. As a result of said acts and omissions by the defendants, the plaintiff has suffered losses and property damages in an amount to date of $162,558.00, plus court costs incurred and expert fees herein.

This unadorned, the-defendant-unlawfully-harmed-me accusation falls well short of pleading facts that might satisfy Rule 8. Liberty Mutual does not defend the sufficiency of its allegations; indeed, it wholly fails to oppose RWC's motion to dismiss its original state court petition, opting to focus on what it suggests is the technical sufficiency of its proposed amended complaint.

Because Liberty Mutual's original petition fails to plead any facts that state a plausible LPLA claim against RWC, RWC's motion to dismiss must be granted. The Court now turns to consider whether Liberty Mutual should be permitted to amend its complaint.

9

2. Liberty Mutual's motion for leave to amend its complaint.

Liberty Mutual concedes that its original petition is deficient and seeks leave to amend its complaint, arguing that there is no substantial reason not to grant its request. Liberty Mutual points out that, just over one month ago, RWC removed this lawsuit to this Court; there is no suggestion that the plaintiff has demonstrated a lack of diligence sufficient to permit denial of its motion to amend. RWC contends that the only reason to deny Liberty Mutual's request for leave to amend its complaint is that amendment is futile with respect to Liberty Mutual's construction/composition defect and design defect LPLA claims; RWC nevertheless concedes that the plaintiff states a plausible failure-to-warn claim under the LPLA.

The Court identifies no substantial reason that would support denying Liberty Mutual's motion to amend its complaint. This Court's discretion is guided by Rule 15's bias in favor of granting leave to amend. RWC identifies no substantial reason to deny amendment; indeed, RWC concedes that at least one theory of recovery under the LPLA in the proposed amended complaint withstands its futility argument.

Accordingly, IT IS ORDERED: that RWC's motion to dismiss the plaintiff's original petition is GRANTED, but the dismissal is

without prejudice, and the plaintiff's motion for leave to amend its complaint is also hereby GRANTED. RWC has 14 days to seek dismissal of any claims in Liberty Mutual's amended complaint.

New Orleans, Louisiana, February 20, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE